IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JORGE COLLAZO AND WENDY SOSA | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 5:22-cv-00104 |
| | § | |
| AMGUARD INSURANCE COMPANY, | § | |
| and RUSSELL PALMER | § | |
| Defendants. | § | |

**DEFENDANT AMGUARD INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant AmGuard Insurance Company ("AmGuard") files this Notice of Removal on the basis of diversity jurisdiction and jurisdictional amount, and respectfully shows the Court as follows:

### I.   BACKGROUND

1.   This is an insurance claim based on alleged property damage allegedly sustained during Winter Storm Uri to a home located at 214 Marigold Circle, Laredo, Texas 78046. On September 23, 2022, Plaintiffs filed Cause No. 2022CVH001327D2; *Jorge Collazo and Wendy Sosa v. AmGuard Ins. Co., et al*; In the 111th Judicial District Court of Webb County, Texas. Plaintiffs served AmGuard with service of process on September 28, 2022. AmGuard now removes the case to this Court.

### II.   BASIS FOR REMOVAL

**A.   There is Complete Diversity**

3.   Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

4. Upon information and belief, Plaintiffs are residents of Webb County, Texas (Plaintiff's Original Petition at para. 2).

5. Defendant AmGuard Insurance Company is a Pennsylvania corporation with its principal place of business in Wilkes Barre, Pennsylvania.

6. Defendant Russell Palmer is a Texas resident, but his citizenship does not destroy diversity jurisdiction since AmGuard has made the election of responsibility authorized by §542A.006 of the Texas Insurance Code.[1] As such, Defendant Palmer's citizenship should not be considered, and he should be dismissed from this case. *Advanced Indicator and Mfg. Inc. v. Acadia Ins. Co.*, No. 21-20092, 2022 WL 4731473 (5th Cir. 2022). Additionally, because Mr. Palmer has been improperly joined, his consent to this removal is not required. *Druker v. Fortis Health*, No. L-06-00052; 2006 WL 2022891 (S.D. Tex. July 17, 2006) (Alvarez, J.), *citing Jernigan v. Ashland Oil Inc.*, 989 F.2d 812 815 (5th Cir. 1993) (per curiam).

## B. The Amount In Controversy Requirement Is Met

7. The amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a) is clearly satisfied in this case as evidence by Plaintiff's Original Petition, in which Plaintiff expressly alleges that it "seeks monetary relief of less than $250,000." Plaintiff's Original Petition at para. 1. Before suit Plaintiffs also served a Notice Letter pursuant to §542A of the Texas Insurance Code that sought approximately $55,000 to resolve the claim. As Plaintiff's Original Petition also seeks treble damages and attorneys' fees, the amount in controversy requirement is met. *Gasper v. Allstate Tex. Lloyds*, No. 7:22-CV-00004, 2022 WL 298122, at *1 (S.D. Tex. Feb. 1, 2022) (amount in controversy met where demand letter sought $56,013.60).

---

[1] Attached as Exhibit H.

2

### C. Removal Is Procedurally Correct

8. Plaintiffs filed this suit on September 23, 2022 and served AmGuard on September 28, 2022. As such, AmGuard is filing this Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b) and within one year of the date suit was filed in state court.

9. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because they include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims occurred here.

10. Pursuant to 28 U.S.C. §1446(a), an Index of Matters Being Filed is attached with this Notice of Removal that clearly identifies each document and indicates the date the document as filed in state court. Attached is a copy of the docket sheet, and all documents filed in the state court action.

11. Pursuant to 28 U.S.C. §1446(d), AmGuard will promptly provide a copy of this Notice of Removal to Plaintiffs.

12. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal will also be promptly filed with the Clerk of the Webb County District Court.

### III. CONCLUSION

Based on the foregoing, Defendant AmGuard Insurance Company removes this case to this Court for trial and determination.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/ Christopher W. Martin
Christopher W. Martin
State Bar No. 13057620
Federal I.D. No. 13515
E-mail: martin@mdjwlaw.com
Christopher H. Avery

State Bar No. 24069321
Federal I.D. No. 1048590
E-mail: avery@mdjwlaw.com
808 Travis, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following counsel of record pursuant to the Federal Rules of Civil Procedure.

| | |
|---|---|
| David A Christoffel<br>CHRISTOFFEL LAW FIRM, PLLC<br>1506 E. Winding Way<br>Building 108, Suite 506<br>Friendswood, Texas 77546<br>ATTORNEYS FOR PLAINTIFFS | *Via E-service:*<br>ChristoffelLawGroup@gmail.com |

/s/ *Christopher H. Avery*
Christopher H. Avery

4